UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| INDIA-DAN A/S, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:02-CV-140 CAS |
| | ) |
| INDASIA LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on plaintiff's motion for revival of a judgment previously entered by this Court. For the following reasons, the motion will be granted in part, and denied in part.

Rule 69(a) of the Federal Rules of Civil Procedure provides:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Fed. R. Civ. P. 69(a).

Under applicable Missouri law, "A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment." Rule 74.09(a), Missouri Rules of Civil Procedure; see Mo. Rev. St. §§ 511.370-.430 (2000). "Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived. The order to show cause shall be served pursuant to Rule 54 on

the judgment debtor, his successors in interest, or his legal representative." Rule 74.09(b), Mo. R. Civ. P. "If the judgment debtor, his successors in interest, or legal representatives fail to appear and show cause why the judgment should not be revived, the court shall enter an order reviving the judgment." Rule 74.09(c).

On April 28, 2005, a Consent Judgment was entered in this case against defendants Indasia, LLC, Henning Bollerslev, Hebo USA, L.L.C., Bridget Bollerslev, and Jose Casanova, jointly and severally, in the amount of One Hundred Twenty-Five Thousand Dollars ($125,000.00). According to the Court's record, this judgment has not been satisfied. Plaintiff filed a motion for revival of the judgment on April 24, 2015, which is within the ten-year time limit under Missouri law.

On June 8, 2015, the Court issued an Order to Show Cause, which directed defendants Indasia, LLC, Henning Bollerslev, Hebo USA, L.L.C., Bridget Bollerslev, and Jose Casanova to appear for a hearing on July 7, 2015, at 2:00 p.m. at the Thomas F. Eagleton United States Courthouse in St. Louis, Missouri, to show cause why the judgment plaintiff previously obtained against them on April 28, 2005, should not be revived. The Court ordered plaintiff to personally serve the June 8, 2015 Order to Show Cause on defendants.

Counsel for plaintiff and counsel for defendants Indasia, LLC, Henning Bollerslev, Hebo USA, L.L.C., and Bridget Bollerslev appeared at the hearing on July 7, 2015.[1] At the hearing, counsel for Indasia, LLC, Henning Bollerslev, Hebo USA, L.L.C., and Bridget Bollerslev informed the Court that his clients had no objection to the revival of the judgment. No one appeared at the hearing on defendant Jose Casanova's behalf. Plaintiff's counsel had previously informed the Court that he had been unable to obtain personal service on defendant Casanova.

---

[1]Counsel for defendants appeared, by permission, telephonically.

The Court finds plaintiff is entitled to revival of the April 28, 2005 Consent Judgment with regard to defendants Indasia, LLC, Henning Bollerslev, Hebo USA, L.L.C., and Bridget Bollerslev. As defendant Casanova was not served with the Order to Show Cause pursuant to Rule 54 of the Missouri Rules of Civil Procedure, which is mandatory under Rule 74.09(b), the Court will not revive the judgment as to this defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Revival of Judgment and Judgment Lien is **GRANTED in part, and DENIED in part.** The motion is **GRANTED** to the extent that the Consent Judgment dated April 28, 2005, in the amount of One Hundred Twenty-Five Thousand Dollars ($125,000.00), is continued and revived against defendants Indasia, LLC, Henning Bollerslev, Hebo USA, L.L.C., and Bridget Bollerslev. In all other respects, the motion is **DENIED.** [Doc. 131]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __8th__ day of July, 2015.